**JEFFREY LAMONT LEE,**

                   **Plaintiff,**

v.                                                                              Case No. 24-CV-287

**CANDICE ANDRYCHOWICZ, et. al.,**

                   **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Jeffrey Lamont Lee, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (Docket # 1.) Lee was allowed to proceed on an Eighth Amendment deliberate indifference to medical needs claim and an Eighth Amendment conditions of confinement against the defendants. (Docket # 9.) Lee was also allowed to proceed on a First Amendment retaliation claim against defendant Candice Andrychowicz. (*Id.*) The defendants moved for partial summary judgment on the grounds that Lee failed to exhaust his administrative remedies as to the retaliation claim against Andrychowicz. (Docket # 15.) Lee has responded in opposition. (Docket # 22.) For the reasons stated below, the defendants' motion for partial summary judgment on exhaustion grounds is granted. The First Amendment retaliation claim against Andrychowicz is dismissed without prejudice.

### FACTS

At all times relevant, Lee was incarcerated at Kettle Moraine Correctional Institution. (Docket # 17, ¶ 1.) Lee has ulcerative colitis, which causes increased bowel

movements, so Lee had been issued a bathroom pass to accommodate this issue. (*Id.*, ¶¶ 6–7.)

On June 23, 2023, Andrychowicz gave Lee Conduct Report 0032914 "for disobeying orders and using the bathroom during inmate count." (Docket # 17, ¶ 8.) Lee contested the conduct report stating that because of his condition, he should not face disciplinary action for using the bathroom during inmate count. (*Id.*, ¶ 11.) On June 26, 2023, the Warden's office received Lee's appeal of the conduct report, and on June 29, 2023, the Warden reversed the disciplinary decision and dismissed the conduct report. (*Id.*, ¶¶ 12–15.)

After the conduct report was dismissed, Lee alleges that Andrychowicz began harassing him. (Docket # 1 at 4.) He alleges Andrychowicz was consistently rude and disrespectful to Lee. (*Id.* at 5.) Then, on August 25, 2023, Lee received a memo stating that his bathroom pass had been revoked for misuse. (*Id.*) Lee alleges that Andrychowicz effectuated the revocation of his bathroom pass by giving the Health Services Unit ("HSU") false information about him misusing the pass in retaliation for Lee getting the conduct report dismissed. (*Id.*)

Andrychowicz asserts that Lee did not file an inmate grievance putting the institution on notice of allegations of retaliation. (Docket # 17, ¶ 16.) She states that Lee filed only one relevant inmate complaint—KMCI-2023-14002—that was received in September 2023 where he complained that "his physical and mental health was being negatively affected by his inability to freely use the bathroom," and that "the disciplinary action taken against him for misusing his bathroom pass was not fixing the problem." (*Id.*, ¶ 18.) It is undisputed that Lee fully exhausted this inmate complaint. (*Id.*, ¶¶ 28–32.)

Lee does not dispute that KMCI-2023-14002 does not mention Andrychowicz's retaliation. Instead, he states he did not need to allege a legal theory and that he filed other inmate complaints and sent letters that put the institution on notice of her alleged retaliation. Specifically, he states that on July 3, 2023, the Institution Complaint Examiner's ("ICE") office received his inmate complaint wherein he stated that "Officer Andrychowicz told me to 'get the fuck away from her desk' and I told her to 'have a nice day.' Out of Retaliation she's trying to have me moved off the unit." (Docket # 22-1 at 12.) On July 5, 2023, the inmate complaint was rejected because it contained several deficiencies: Lee failed to informally resolve the issue; he failed to include supporting documentation; and the complaint did not contain sufficient information for the department to investigate the matter. (*Id.* at 16.) Lee was informed that he had 10 days to correct the deficiencies and resubmit the inmate complaint. (*Id.*) It is undisputed that Lee did not timely resubmit the inmate complaint, but Lee states that he spoke with "CPS Stelzener and Security Director Pollard" to resolve it, which he states puts the institution on notice of his retaliation claim. (Docket # 27 at 1-2.)

Lee asserts that he eventually did refile the rejected complaint on August 25, 2023, which was again rejected. (Docket # 27 at 2-3.) However, this version of the inmate complaint does not mention retaliation. (Docket # 1-2 at 9.) Lee does not include the documentation showing the resolution of the inmate complaint but states that it was "dismissed." (Docket # 27 at 3.) Andrychowicz states that the complaint was returned. (Docket # 31 at 1.)

Lee also highlights a letter he wrote dated August 27, 2023, to the security director informing him of Andrychowicz's retaliation. (Docket # 22-1 at 17–18.) He asserts that this letter is proof that the institution was put on notice of his claim. (Docket # 27 at 2.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-

moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

1.   *Applicable Law and Procedure on Exhaustion*

This case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

At Kettle Moraine, "[a]n inmate may use the Inmate Complaint Review System (ICRS) to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1). A prisoner must "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). A complaint "may contain only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5).

The ICE then may accept the complaint and make a recommendation or reject the complaint for one of the ten reasons listed in § DOC 310.10(6) within 30 days from the date of receipt. Wis. Admin. Code § DOC 310.10 (2), (9). If the ICE rejects the complaint, an inmate may appeal the rejection within 10 days to the appropriate reviewing authority "who shall only review the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.10(10). The ICE may also return a defective complaint and allow an inmate to correct the defects and resubmit within 10 days. Wis. Admin. Code § DOC 310.10(5).

When the ICE makes a recommendation, the Reviewing Authority shall make a decision within 15 days. Wis. Admin. Code § DOC 310.11(1). If an inmate does not receive a decision within 45 days after the date of acknowledgement by the ICE, he may directly appeal to the CCE. Wis. Admin. Code § DOC 310.11(3). Otherwise, an inmate may appeal a Reviewing Authority's decision to the CCE within 14 days after the date of the decision. Wis. Admin. Code § DOC 310.12(1). The CCE then "shall recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary [of the DOC] within 45 days of receipt of the appeal." Wis. Admin. Code § DOC 310.12(9). The secretary shall make a decision within 45 days following the receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). "If the inmate does not receive the secretary's written decision within 90 days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted." Wis. Admin. Code § DOC 310.13(4).

2. *Application to this Case*

Lee states he put the institution on notice of his retaliation claim through his informal communications. The Seventh Circuit "has taken a strict compliance approach to

exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Under the PLRA, a prisoner cannot substantially comply with the exhaustion process. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). Thus, Lee's letters and informal communications are insufficient to exhaust the claim. He must have gone through the entire administrative process.

Lee also argues that the one inmate complaint that went through the entire process—KMCI-2023-14002—exhausted his claim. Grievances that concern retaliation "must identify two things: the protected conduct that *provoked* the retaliation and the retaliatory act." *Tate v. Litscher*, Case No. 16-CV-1503, 2018 WL 2100304, at *4 (E.D. Wis. May 5, 2018) (emphasis in original). Even though the inmate grievance does not have to "allege a specific theory," it "must provide enough detail . . . to put the prison and individual officials on notice of the claim." *Id.* (quoting *Jones*, 549 U.S. at 205).

No reasonable factfinder could conclude that KMCI-2023-14002 states the conduct that provoked the retaliation or the retaliatory act. In that grievance, he requests that staff allow him to use the bathroom when he needs to due to his condition. (Docket # 18-2 at 12.) He does not mention Andrychowicz or that he was retaliated against.

Additionally, neither of Lee's rejected/returned inmate complaints demonstrate full exhaustion. Generally, evidence of a rejected or returned inmate complaint demonstrates that the grievance remains unexhausted. *Henderson v. Aldana*, 20-CV-555, 2023 WL 4868568, at *5 (E.D. Wis. July 31, 2023). There is an exception where the procedural

7

requirements functionally prevent a prisoner from having a "meaningful opportunity to present his grievance." *Id.* (internal citations omitted). However, Lee does not offer evidence demonstrating that he was denied such an opportunity. He does not explain why he failed to timely resubmit the rejected grievances or why later versions of the rejected or returned grievances omitted details about Andrychowicz's actions. Thus, Lee did not exhaust his administrative remedies as to the retaliation claim; partial summary judgment is granted in the defendants' favor.

## CONCLUSION

For the reasons stated above, Lee failed to demonstrate that he exhausted his administrative remedies as to the retaliation claim against Andrychowicz. Partial summary judgment is granted in favor of the defendants, and the claim is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020). The court will issue an amended scheduling order at a later date.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for partial summary judgment (Docket # 15) is **GRANTED**. The First Amendment retaliation claim against Candice Andrychowicz is **DISMISSED without prejudice.**

Dated at Milwaukee, Wisconsin this 7th day of February, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge